UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-6152 CR-DIMITROULEAS

UNITED STATES OF AMERICA,

vs.

DIETRICH HAMMOND,

Defendant.

_____/

## GOVERNMENT'S RESPONSE IN OPPOSITION TO MOTION TO DISMISS

The United States of America, through its undersigned Assistant United States Attorney, hereby files its response in opposition to defendant Hammond's motion to dismiss with prejudice based on alleged pre-indictment violations of the Speedy Trial Act. We do not dispute the essential recitation of the law as set forth in defendant's motion. To be sure, had the Government delayed indictment in this case in order to take investigative advantage of time in which the defendant was in the custody of Immigration and Naturalization Services without any administrative action being taken, the motion would have some merit. Factually, however, that is not what transpired in Mr. Hammond's case as a review of INS internal records reveals. In short, there is no evidence to suggest that the "period of civil detention [wa]s used primarily or exclusively to develop criminal charges involving the conduct on which the civil arrest was based...." *United States v. Restrepo*, 59 F. Supp. 2d 133, 137-38 (D.Mass. 1999). Consequently, defendant's motion should be denied.

Defendant was taken into INS custody on April 13, 2000 under a false name. He was processed at Krome Detention Center on April 13, 2000, under the alias "Christopher Brown."



The following day, April 14, 2000, defendant was processed under his true name, Dietrich Hammond, once his true identity was confirmed. As of April 14, 2000, Hammond's computer file indicates that he was being processed for expedited deportation. As of April 14, 2000, INS administrative personnel knew that INS law enforcement personnel were aware of Hammond's illegal reentry and use of false identification and had been requested to advise when the anticipated administrative action regarding Hammond was to take place. On April 20, 2000, computer notations were made by the deportation officer noting that Hammond was in the status of being an alien who had reentered the United States after deportation.

In order to process Hammond's case before administrative judges, the INS deportation officer must physically have the formal Immigration file (the A-file) owing to the fact that the file contains the admissible documents establishing a given individual's immigration record and status. The detention officer requested that the A-file on May 9, 2000, and asked that it be forwarded to Krome. On May 9, 2000, the INS computer file notes that the "temporary file" (as distinguished from the A File) was being forwarded to the INS Trial Attorneys. In the context of INS administrative proceedings, the Trial Attorneys review a given case and determine whether it should be processed for deportation and, if that determination is made, proceed to process the matter for administrative court review. The Trial Attorneys in the location where an alien is physically located would ordinarily perform that function.

At some point between May 9 and 12, 2000, Hammond was transferred to the INS facility in Bradenton, Florida. It is our understanding that Hammond, along with a number of other detainees, were transferred in order to alleviate the excess number of detainees at Krome. Hammond was in Bradenton by May 15, 2000, at which time the law enforcement INS personnel assigned to this case requested the A-file. The A-file was sent to the law enforcement

investigators on Friday, May 19,. 2000. The INS deportation officers in Bradenton, Florida filed a Notice To Appear on Hammond's administrative case on May 19, 2000. On May 22, 2000, the Bradenton Trial Attorneys advise the local deportation officers that, in their view, the existence of a valid deportation order in Hammond's file alleviates the need for another deportation proceeding and that instead a "reinstatement order" should be obtained. On June 6, 2000, the indictment in the instant case was returned. On June 13, 2000, defendant returned from Bradenton to Krome and was taken into the custody of the U.S. Marshal's Service the following day.

A review of the facts of this case reveals that there was legitimate administrative activity in defendant's case. The fact that the same facts which would support his deportation also support his criminal indictment does not, without more, mean that administrative proceedings are being conducted as a sham in order to provide law enforcement with a tactical advantage. Unless there is some evidence of collusion between the administrative and law enforcement personnel there is no violation of the Speedy Trial Act. *United States v. Encarnacion*, 56 F. Supp. 2d 151 (D. P.R. 1999.). *See also*, *United States v. Pena-Carrillo*, 46 F.3d 879 (9th Cir. 1995). The record in this case shows that the administrative proceedings were ongoing until the point of indictment and that periods of delay in the administrative process were attributable to the transfer of the defendant from one facility to another to alleviate overcrowding at Krome and the consequent receipt and review of the paperwork necessary to the processing of the administrative proceedings.    As in *Encarnacion*, if the Court finds that the INS administrative delays were untenable, then the remedy would be to credit that time defendant was in custody on the civil/administrative proceedings to his sentence upon conviction of the instant criminal charges. *Encarnacion*, 56 F. Supp2d at 159.

Moreover, defendant's request that dismissal be granted with prejudice is wholly unsupported by the facts. There is no question based on a review of the record that there was no collusion. At worst the delay can be attributed to inadvertence resulting from the transfer and the best civil/administrative avenue to effect Hammond's deportation. This situation is not one which falls within the precedents warranting the extreme remedy of dismissal without prejudice. *United States v. Godoy*, 821 F.2d 1498 (11th Cir. 1987).

In light of the foregoing, the Government respectfully requests that this Court enter its order denying defendant's motion to dismiss with prejudice.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

_____
THERESA M.B. VAN VLIET
Senior Litigation Counsel
United States Attorney's Office
500 East Broward Blvd., Suite 500
Fort Lauderdale, FL   33394
(954) 356-7255, ext. 3557
(954) 356-7336 (facsimile)
(954) 576 4484 (pager)
Florida Bar No. 374040

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing response was mailed this 23rd day of August, 2000, to Tim Day, AFPD, 101 N.E. 3rd Avenue, Suite 202, Fort Lauderdale, FL 33301.

THERESA M.B. VAN VLIET
Senior Litigation Counsel