UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-6152-CR-DIMITROULEAS

UNITED STATES OF AMERICA,  :

    Plaintiff,             :

vs.                            :

DIETRICH HAMMOND,       :

    Defendant.          :
_____/



## MOTION TO DISMISS INDICTMENT

The defendant, through counsel, and pursuant to Fed. R. Crim. P. 12(b)(2), hereby moves this

Court to dismiss the indictment in the above-styled case and as grounds in support thereof would

state:

1.    On June 6, 2000, the defendant was indicted and charged in three counts with illegal

reentry into the United States in violation of 8 U.S.C. § 1326, making a false statement to INS in

violation of 18 U.S.C. § 1001 and using an altered passport in violation of 18 U.S.C. § 1543.

2.    In Count One of the indictment the government alleges that Mr. Hammond illegally

reentered the United States after having been deported March 13, 1998.

3.    The deportation occurring on March 13, 1998 was the result of an order of deportation

entered by United States Immigration Judge Michael Horn on May 1, 1991 in case number 35-676-

766 (see Order attached hereto as defendant's Exhibit A).

4.    The Order of Deportation dated May 1, 1991 was entered <u>In absentia</u> after the

defendant failed to appear. The defendant was represented by counsel that day in the person of

Rosemarie Robinson. Robinson was counsel of record throughout these proceedings which began in 1989. (Notice of Appearance as Counsel of Record is attached as defendant's Exhibit B.)

5.    In fact, Mr. Hammond was deported on March 13, 1998 to his native country of Jamaica. Importantly, no notice was given to Mr. Hammond's counsel Rosemarie Robinson, of the actual deportation of Mr. Hammond. The failure to notify counsel of the deportation was in violation of 8 C.R.R. 292.5(a), appellant's right to counsel as provided in 8 U.S.C. § 1252(b) and the Due Process Clause of the Fifth Amendment to the United States Constitution. This violation precluded the defendant from seeking judicial review of the deportation order which rendered the proceedings fundamentally unfair. Accordingly, the prior Order of Deportation is invalid.

## MEMORANDUM OF LAW

In United States v. Mendoza-Lopez, 481 U.S. 828, 837-838 (1987), the Supreme Court established that "where a determination made in an administrative proceeding is to play a critical role in the subsequent imposition of a criminal sanction, there must be some meaningful review of the administrative proceeding." Id. at 837-838. Furthermore, the court stated that as a result "where the defects in an administrative proceeding foreclose judicial review of that proceeding, an alternative means of obtaining judicial review must be made available before the administrative order may be used to establish conclusively an element of a criminal offense." (Emphasis added.) Id. at 838. Finally, the court concluded by holding "depriving an alien of the right to have the disposition in a deportation hearing reviewed in a judicial forum requires, at a minimum, that review be made available in any subsequent proceeding in which the result of the deportation proceeding is used to establish an element of a criminal offense." Id. at 839.

An alien has a right to seek judicial review of the order of deportation. Mendez v. INS, 563

2

F.2d 956, 958 (9th Cir. 1977) (INS failure to notify counsel of order to report for deportation violated INS' own regulations and alien's right to counsel). Because judicial review in circuit court can only take place after all administrative remedies are exhausted pursuant to 8 U.S.C. § 1105(a),[1] the failure to notify counsel of the actual deportation is of paramount importance. The failure to notify counsel of the deportation itself can deprive an alien of judicial review of the deportation proceedings. Id. at 959. This failure to notify counsel can result in a denial of due process. See, Newton v. INS, 622 F.2d 1193 (3rd Cir. 1980). Furthermore, an alien may reopen deportation proceedings conducted in absentia. Matter of Haim, 19 I. & A. Dec. 641 (BIA 1988) (alien can reopen deportation proceedings held in absentia and must establish reasonable cause for his absence from proceedings).

In the instant matter the INS failed to notify Hammond's counsel of record, Rosemarie Robinson, of the impending deportation. This failure resulted in Hammond being deprived of a right to reopen the proceedings and if unsuccessful to seek review of the deportation order. This deprivation of judicial review as a result of INS' error resulted in a violation of the due process rights of Mr. Hammond.

In United States v. Holland, 876 F.2d 1533, 1536 (11th Cir. 1989) the court interpreted Mendoza-Lopez as requiring two factors to be present before allowing a criminal defendant to successfully collaterally attack a prior deportation order. The defendant must show that he was deprived of judicial review of the proceeding and that the proceeding was fundamentally unfair. 876

[1]
(c) An order of deportation or of exclusion shall not be reviewed by any court if the alien has not exhausted the administrative remedies available to him as of right under the immigration laws and regulations or if he has departed from the United States after the issuance of the order.

3

F.2d at 1536. The court went on to define fundamental unfairness as specific errors that prejudice

the defendant such that the errors might have affected the outcome. Id. at 1536. The prejudice need

not rise to the level of showing that the defendant would not have been deported.

As to the first factor, it is clear that the INS failed to notify Hammond's counsel of the

impending deportation thereby depriving him of judicial review.

The second factor is satisfied in that judicial review would have demonstrated the erroneous

finding of deportability by the Immigration Judge.

Mr. Hammond was deported under § 241(a)(4) of the Immigration and Nationality Act. (See

Exhibit A.) The charges forming the basis of the Order of Deportation are contained in INS Form

I-261 (attached hereto as defendant's Exhibit C). Those charges are listed as follows:

> You are subject to be being deported pursuant to the following
> provisions:
>
> Section 241(a)(4) of the Immigration and Nationality Act, in that, you
> at any time after entry have been convicted of two crimes involving
> moral turpitude not arising out of a single scheme of criminal
> misconduct, regardless of whether confined therefor and regardless
> of whether the convictions were in a single trial to wit: robbery with
> a firearm, to wit: a pistol and/or revolver, in violation of Florida
> Statutes 812.13 and 775.087, and robbery with a firearm, to wit: a
> handgun, in violation of Florida Statutes 812.13.

As set forth in Form I-261, the allegations are the conviction of two crimes involving moral

turpitude not arising out of a single scheme of criminal misconduct.

The allegations fail precisely because of the above stated language. The convictions (which

involve moral turpitude) do arise out of a single scheme. The two convictions listed on Form I-261

were armed robberies that occurred on the same day, December 26, 1987 (see information filed on

both cases attached hereto as defendant's Exhibit D and the convictions attached as defendant's

4

Exhibit E).

These robberies occurred in succession within a short period of time and within a block or so of each other. Therefore, they were arguably not two crimes not arising out of a single scheme of criminal misconduct. See Pacheco v. INS, 546 F.2d 448 (9th Cir. 1976) (two day interval between burglaries of a restaurant and a church not a single scheme within meaning of statute; to be single scheme crimes must take place at one time and there must be no substantial interruption that would allow participant to disassociate himself from enterprise and reflection what he has done).

Had Mr. Hammond's counsel been notified of the deportation and had he been afforded judicial review of the deportation order, the single scheme principle would have been presented. The presentation of this single scheme defense to deportation "might have affected the outcome." It was error to fail to notify counsel. The error thus rendered the proceeding fundamentally unfair. Therefore, the order of deportation was invalid. See Mendoza-Lopez, 481 U.S. at 840.

WHEREFORE, the defendant requests that the indictment, based on the invalid deportation, be dismissed.

Respectfully submitted,

KATHLEEN M. WILLIAMS
FEDERAL PUBLIC DEFENDER

By:

Timothy M. Day
Assistant Federal Public Defender
Florida Bar No. 360325
101 N.E. 3rd Avenue
Suite 202
Fort Lauderdale, Florida 33301
(954) 356-7436 ext. 108
(954) 356-7556 (fax)

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was mailed on this

24 day of August, 2000 to Ed Ryan, Esquire, United States Attorney's Office, 299 E. Broward

Blvd., Fort Lauderdale, Florida 33301.

Timothy M. Day

S:\DAY\Hammond\Dismiss 02.wpd

6

U. TED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
OFFICE OF THE IMMIGRATION JUDGE
MIAMI, FLORIDA

_Final. (_

IN THE MATTER OF:                                    Date: __May 1, 1991__

__Dietrich Paul Vanwerven__                          Case No. A 35 : 676 : 766
                                                     Case No. A_____ ____ ____
                                                     Case No. A_____ ____ ____
                                                     Case No. A_____ ____ ____

                    RESPONDENT(S)

IN DEPORTATION PROCEEDINGS                 )

MEMORANDUM OF ORAL DECISION

This is a summary of the oral decision entered on __May 1, 1991__
If the decision is appealed the full text of oral decision will be transcribed
and will become the official decision in these proceedings.

__✓__    The Respondent has been found to be subject to deportation under
         Section(s) _74 (a) (4)_ of the Immigration and Nationality Act.

__✓__    The Respondent was ordered deported to _Jamaica_
         or _____.

_____    The Respondent was granted voluntary departure on or before:
                                    with an alternate order of
         deportation to_____ or _____

_____    The Respondent was granted relief under Section(s)_____
         of the Immigration and Nationality Act.

_____    The Respondent was denied relief under Section(s)_____
         of the Immigration and Nationality Act.

_____    The proceedings were terminated.

_____    The Respondent was granted a waiver under Section _____
         of the Immigration and Nationality Act and the proceedings were
         terminated.

_____    The Immigration Service has reserved appeal.

_____    The Respondent has reserved appeal.

__✓__    Other: _Respondent's counsel was present._
         _Respondent failed to appear. Respondent absconded_
         _all orders for relief including Section 212(c) Wu Xu_

                                    __Michael C. Horn__
                                    Immigration Judge

DEFENDANT'S
EXHIBIT

CASE
NO. 00-6152-Cr-
Dimitrouleas
EXHIBIT
NO.    A

cc: District Counsel
    Attorney for Respondent/Respondent

| In re: | | DATE 4-20-87 |
|---|---|---|
| *Hammond, Dietrich Paul* | | FILE No. A 35 676 766 |

I hereby enter my appearance as attorney for (or representative of), and at the request of, the following named person(s):

| NAME | | | | ☐ Petitioner ☐ Beneficiary | ☑ Applicant ☐ | |
|---|---|---|---|---|---|---|
| *Dietrich Paul Hammond* | | | | | | |
| ADDRESS (Apt. No.) | (Number & Street) | | (City) | (State) | | (ZIP Code) |
| *4430 N.W. 178th Street* | | | *Miami* | *FL* | | *33055* |
| NAME | | | | ☐ Petitioner ☐ Beneficiary | ☐ Applicant ☐ | |
| ADDRESS (Apt. No.) | (Number & Street) | | (City) | (State) | | (ZIP Code) |

*Check Applicable Item(s) below:*

[X] 1. I am an attorney and a member in good standing of the bar of the Supreme Court of the United States or of the highest court of the following State, territory, insular possession, or District of Columbia

    FLORIDA           SUPREME COURT                       and am not under a
                               (Name of Court)

court or administrative agency order suspending, enjoining, restraining, disbarring, or otherwise restricting me in practicing law.

☐ 2. I am an accredited representative of the following named religious, charitable, social service, or similar organization established in the United States and which is so recognized by the Board:

☐ 3. I am associated with _____,
the attorney of record who previously filed a notice of appearance in this case and my appearance is at his request. *(If you check this item, also check item 1 or 2 whichever is appropriate.)*

☐ 4. Others (Explain fully.)

| SIGNATURE | COMPLETE ADDRESS | DEFENDANT'S EXHIBIT |
|---|---|---|
| *[signature]* | 20401 N.W. 2nd Avenue Suite 204 Miami, Florida 33169 | CASE NO. 00-6152-Cr- Dimitrouleas |
| NAME (Type or Print) ROSEMARIE D. ROBINSON, ESQ. | TELEPHONE NUMBER (305) 654-9891 | EXHIBIT NO. B |

PURSUANT TO THE PRIVACY ACT OF 1974, I HEREBY CONSENT TO THE DISCLOSURE TO THE FOLLOWING NAMED ATTORNEY OR REPRESENTATIVE OF ANY RECORD PERTAINING TO ME WHICH APPEARS IN ANY IMMIGRATION AND NATURALIZATION SERVICE SYSTEM OF RECORDS: ROSEMARIE D. ROBINSON, ESQ.
                              (Name of Attorney or Representative)

THE ABOVE CONSENT TO DISCLOSE IS IN CONNECTION WITH THE FOLLOWING MATTER:

| NAME OF PERSON CONSENTING | SIGNATURE OF PERSON CONSENTING | DATE |
|---|---|---|
| | | |

*(NOTE: Execution of this box is required under the Privacy Act of 1974 where the person being represented is a citizen of the United States or an alien lawfully admitted for permanent residence.)*

Form G-28
(Rev. 10-25-79)N          (OVER)          UNITED STATES DEPARTMENT OF JUSTICE
                                           Immigration and Naturalization Service

For sale by the Superintendent of Documents, U.S. Government Printing Office, Washington, D.C. 20402

INITED STATES OF AMERICA:

File No. ___A35 676 766_____

| | | |
|---|---|---|
| n the Matter of | ) | In Deportation Proceedings under |
| | ) | Section 242 of the Immigration |
| PAUL DIETRICH HAMMOND | ) | and Nationality Act |
| | ) | |
| | ) | ADDITIONAL CHARGES |
| | ) | OF DEPORTABILITY |
| Respondent. | ) | |

**DEFENDANT'S EXHIBIT**

CASE NO. 00-6152-Cr
Dimitrouleas
EXHIBIT NO. C

To: __Paul Dietrich Hammond_____
                    (name)

_____
                    (address)

There is hereby lodged against you the additional charge(s) that you are subject to be taken into custody and deported pursuant to the following provision(s) of law:

Section 241(a)(4) of the Immigration and Nationality Act, in that, you at any time after entry have been convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct, regardless of whether confined therefor and regardless of whether the convictions were in a single trial to wit: robbery with a firearm, to wit: a pistol and/or revolver, in violation of Florida Statutes 812.13 and 775.087, and robbery with a firearm, to wit: a handgun, in violation of Florida Statutes 812.13.

In support of the additional charge(s) there is submitted the following factual allegation(s) in addition to those set forth in the order to show cause and notice of hearing:

In lieu of allegations five(5) and six(6):

5.  You were on 6-7-88 convicted in the Circuit Court in and for Dade County, Florida for robbery with a firearm, to wit: a pistol and /or a revolver, in violation of Florida Statutes 812.13 and 775.087.

6.  You were on 6-7-88 convicted in the Circuit Court in and for Dade County, Florida, for robbery with a firearm, to wit: a handgun, in violation of Florida Statutes 812.13.

Form I-261
(Rev. 12-15-66)

Date

Trial Attorney

GPO 917-817

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT OF FLORIDA,

IN AND FOR DADE COUNTY

FALL _____ Term, 19 __ 87

$87-42123$

THE STATE OF FLORIDA

vs.

A - DIERICH HAMMOND
   and
B - MICHAEL BRADSHAW

INFORMATION FOR
I. ROBBERY 812.13 Fel.
II. UNLAWFUL POSSESSION OF A FIREARM
    WHILE ENGAGED IN A CRIMINAL
    OFFENSE "A"

FILED

JAN 19 1988

RICHARD P. BRINKER
CLERK

IN THE NAME AND BY AUTHORITY OF THE STATE OF FLORIDA:

I, _____ GIGI M. SAPHIRE _____ , Assistant State Attorney of

the Eleventh Judicial Circuit of Florida, on the authority of JANET RENO, State Attorney,

prosecuting for the State of Florida, in the County of Dade, under oath, information makes that

_____ DIERICH HAMMOND and MICHAEL BRADSHAW, _____

on the __ 26th __ day of __ December __ , 19 __ 87 __, in the County

and State aforesaid,    did unlawfully by force, violence, assault or

putting in fear, take certain property, to wit: JEWELRY and/or

GOLD CHAINS, the property of TARRANT GILBERT, as owner or custodian,

from the person or custody of TARRANT GILBERT, said property

being the subject of larceny and of the value of more than three

hundred dollars ($300.00), with the intent to permanently deprive

TARRANT GILBERT of the said property, and in the course of committing

said ROBBERY, carried a FIREARM, to wit: a PISTOL and/or REVOLVER,

in violation of 812.13 and 775.087 Florida Statutes, contrary

to the form of the Statute in such cases made and provided, and

against the peace and dignity of the State of Florida.

GMS:maa
1/13/88
"A" Jail No. 107975, Bkd. 12/28/87, Jkt. 302234
"B" Jail No. 107976, Bkd. 12/30/87, Jkt. 321433
CIRCUIT COURT DIRECT FILE
87-42123, 42314
J/SOLOMON (67)

**DEFENDANT'S EXHIBIT**

CASE NO. 00-6152-Cr-Dimitrouleas

EXHIBIT NO. D

201.01-9A

COUNT II

And I, GIGI M. SAPHIRE, Assistant State Attorney of the Eleventh Judicial Circuit of Florida, on the authority of JANET RENO, State Attorney, prosecuting for the State of Florida, in the County of Dade, under oath, further information makes that, DIERICH HAMMOND, on the 26th day of December, 1987, in the County and State aforesaid, did unlawfully and feloniously display a certain FIREARM, to-wit: a PISTOL and/or REVOVLER, while at said time and place the defendant was committing a felony, to-wit: ROBBERY, as provided by 812.13 Florida Statutes, the possession and display of said FIREARM as aforesaid, being in violation of 790.07 Florida Statutes,

contrary to the form of the Statute in such cases made and provided, and against the peace and dignity of the State of Florida.

STATE OF FLORIDA:
COUNTY OF DADE:

Personally appeared before me,    GIGI M. SAPHIRE    , Assistant State Attorney for the Eleventh Judicial Circuit of Florida, who, being first duly sworn, says that this prosecution is instituted in good faith and certifies that the State Attorney of the Eleventh Judicial Circuit of Florida has received testimony under oath from the material witness or witnesses for the offense, and the allegations as set forth in the foregoing Information, if true, would constitute the offense therein charged.

Gigi M. Saphire

Assistant State Attorney
Eleventh Judicial Circuit of Florida

Sworn to and subscribed before me this _____16th_____ day of ___January___ , 19 _88_

Richard P. Brinker, Clerk
Circuit Court of the Eleventh
Judicial Circuit of Florida, in
and for Dade County

By _____Linda Pitman_____ , D.C.

I.  ROBBERY
II. UNLAWFUL POSSESSION OF A FIREARM
    WHILE ENGAGED IN A CRIMINAL
    OFFENSE

INFORMATION FOR

MICHAEL BRADSHAW
and
DIERICH HAMMOND

vs.

THE STATE OF FLORIDA

CIRCUIT OF FLORIDA, IN AND FOR DADE COUNTY

CIRCUIT COURT OF THE ELEVENTH JUDICIAL

WITNESSES FOR THE STATE

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT OF FLORIDA,

IN AND FOR DADE COUNTY

FALL Term,19 87

87-42312

THE STATE OF FLORIDA

vs.

A-DIETRICH HAMMOND
and
B-MICHAEL BRADSHAW

INFORMATION FOR

I. ROBBERY 812.13 Fel.
II. UNLAWFUL POSSESSION OF A
FIREARM WHILE ENGAGED IN A
CRIMINAL OFFENSE

FILED

JAN 15 1988

RICHARD P. BRINKER
CLERK

IN THE NAME AND BY AUTHORITY OF THE STATE OF FLORIDA:

I, _____ SERGIO E. ACOSTA _____ , Assistant State Attorney of the Eleventh Judicial Circuit of Florida, on the authority of JANET RENO, State Attorney, prosecuting for the State of Florida, in the County of Dade, under oath, information makes that _____ DIETRICH HAMMOND, and MICHAEL BRADSHAW _____ ,

on the ___26th___ day of ___December___ , 19 _87_ , in the County and State aforesaid, did unlawfully by force, violence, assault or putting in fear, take certain property, to wit: THREE GOLD CHAINS and/or ONE GOLD RING and/or TWO HATS and/or THREE PAIRS OF PANTS and/or TWO SHIRTS, the property of JEREMY MIDDLETON, as owner or custodian, from the person or custody of JEREMY MIDDLETON, said property being the subject of larceny and of the value of less than THREE HUNDRED DOLLARS ($300.00) with the intent to permanently deprive JEREMY MIDDLETON of the said property, and in the course of committing said ROBBERY, carried a firearm, to wit: a HANDGUN, in violation of 812.13 Florida Statutes, contrary to the form of the Statute in such cases made and provided, and against the peace and dignity of the State of Florida.

SEA:rhg
1/15/88
CIRCUIT COURT DIRECT FILE
(A) Jail No. 107975, Bkd. 12/3/0/87, Jkt. No. 302234
(B) Jail No. 107976, Bkd. 12/30/87, Jkt. No. 321433
87-42312, 13
J/SNYDER (01)

201.01-9A

COUNT II

And I, SERGIO E. ACOSTA, Assistant State Attorney of the Eleventh Judicial Circuit of Florida, on the authority of JANET RENO, State Attorney, prosecuting for the State of Florida, in the County of Dade, under oath, further information makes that MICHAEL BRADSHAW, on the 26th day of December, 1987, in the County and State aforesaid, did unlawfully and feloniously display a certain firearm, to wit: a HANDGUN, while at said time and place the defendant was committing a felony, to wit: ROBBERY, as provided by 812.13 Florida Statutes, the possession and display of said firearm as aforesaid being in violation of 790.07 Florida Statutes,

contrary to the form of the Statute . such cases made and provided, and aga. /the peace and dignity of the State of Florida.

STATE OF FLORIDA:
COUNTY OF DADE:

SERGIO E. ACOSTA

Personally appeared before me, , Assistant State Attorney for the Eleventh Judicial Circuit of Florida, who, being first duly sworn, says that this prosecution is instituted in good faith and certifies that the State Attorney of the Eleventh Judicial Circuit of Florida has received testimony under oath from the material witness or witnesses for the offense, and the allegations as set forth in the foregoing Information, if true, would constitute the offense therein charged.

Assistant State Attorney
Eleventh Judicial Circuit of Florida

Sworn to and subscribed before me this __19__ day of __January__, 19 88



Richard P. Brinker, Clerk
Circuit Court of the Eleventh
Judicial Circuit of Florida, in
and for Dade County

By _Barbara Kogls_, D.C.



CIRCUIT COURT OF THE ELEVENTH JUDICIAL
CIRCUIT OF FLORIDA IN AND FOR DADE COUNTY

THE STATE OF FLORIDA

vs.

DIETRICH HAMMOND
and
MICHAEL BRADSHAW

INFORMATION FOR

I.  ROBBERY 812.13 Fel.
II. UNLAWFUL POSSESSION OF A FIREARM WHILE
ENGAGED IN A CRIMINAL OFFENSE

WITNESSES FOR THE STATE

STATE OF FLORIDA } S.S.
COUNTY OF DADE }

I HEREBY CERTIFY that this instrument is a true and correct copy as shown by files and records in my office. WITNESS MY HAND and official seal this SEP 2 0 1989

RICHARD P. BRINKER
Clerk Circuit Court
By ___ D.C.

☐ PROBATION VIOLATOR
   *(Check if Applicable)*

IN THE CIRCUIT COURT ELEVENTH
JUDICIAL CIRCUIT, IN AND FOR
DADE COUNTY, FLORIDA

CRIMINAL DIVISION

**RECORDED**

JUN 22 1988

RICHARD P. BRINKER
·CLERK

STATE OF FLORIDA

—vs—

DIERICH HAMMOND
   Defendant

CASE NUMBER ____87-42123-A____

**FILED**
Δ. Mc CLOUD
'7 1988

RICHARD P BRINKER
CLE...

# J U D G M E N T

The Defendant, being personally before this Court represented by _____ R. Druks _____

_____ , his attorney of record, and having:

*(Check Applicable Provision)*

☐ Been tried and found guilty of the following crime(s)
☒ Entered a plea of guilty to the following crime(s)
☐ Entered a plea of nolo contendere to the following crime(s)

| COUNT | CRIME | OFFENSE STATUTE NUMBER(S) | DEGREE OF CRIME |
|---|---|---|---|
| 1 | ROBBERY WITH A FIREARM, to-wit: a PISTOL and/or REVOLVER | 812.13 & 775.087 | 1F |

and no cause having been shown why the Defendant should not be adjudicated guilty, IT IS ORDERED THAT the Defendant is hereby ADJUDICATED GUILTY of the above crime(s).

· · · · · · · · · · · · · · · · · · ·

*Check if Applicable*

☒ The Defendant is hereby ordered to pay the sum of two hundred dollars ($200.00) pursuant to F.S. 27.3455. (Local Government Criminal Justice Trust Fund).

☒ The Defendant is hereby ordered to pay the sum of twenty dollars ($20.00) pursuant to F.S. 960.20 (Crimes Compensation Trust Fund).

☒ The Defendant is further ordered to pay the sum of three dollars ($3.00) as a court cost pursuant to F.S. 943.25(4).

☒ The Defendant is ordered to pay an additional sum of two dollars ($2.00) pursuant to F.S. 943.25.(8). (This provision is optional; not applicable unless checked).

☐ The Defendant is further ordered to pay a fine in the sum of $ _____ pursuant to F.S. 775.0835. (This provision refers to the optional fine for the Crimes Compensation Trust Fund, and is not applicable unless checked and completed. Fines imposed as part of the sentence pursuant to F.S. 775.083 are to be recorded on the Sentence page(s)).

☐ The Court hereby imposes additional court costs in the sum of $ _____ .

**DEFENDANT'S EXHIBIT**

CASE
NO. 00-6152-Cr-
Dimitrouleas
EXHIBIT
NO.   **E**

Defendant _Dietrich Hammon_

Case Number _87-42123 A_

| Imposition of Sentence Stayed and Withheld (Check if Applicable) | ☐ The Court hereby stays and withholds the imposition of sentence as to count(s) _____ and places the Defendant on probation/Community Control for a period of _____ under the supervision of the Department of Corrections (conditions of probation/community control set forth in separate order.) |
|---|---|

| Sentence Deferred Until Later Date (Check if Applicable) | ☐ The Court hereby defers imposition of sentence until _____. <br> (date) |
|---|---|

☐ The Court hereby suspends the entry of sentence as to Count(s) _____.

The Defendant in Open Court was advised of his right to appeal from this Sentence by filing notice of appeal within thirty days from this date with the Clerk of this Court, and the Defendant's right to the assistance of counsel in taking said appeal at the expense of the State upon showing of indigency.

DONE AND ORDERED in Open Court at Miami, Dade County, Florida, this __7TH__ day of __JUNE__ A.D., 19 __88__ .

_____
JUDGE

ARTHUR I. SNYDER

FINGERPRINTS OF DEFENDANT

| Left four fingers taken simultaneously | Left thumb | Right thumb | Right four fingers taken simultaneously |
|---|---|---|---|



Fingerprints taken by

Name and Title

I HEREBY CERTIFY that the above and foregoing fingerprints are those of the Defendant, and that they were placed hereon by said Defendant in my presence in Open Court at Miami, Dade County, Florida, this __7TH__ day of __JUNE__ , 19 __88__ .

_____
JUDGE

ARTHUR I. SNYDER

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT OF FLORIDA,
IN AND FOR DADE COUNTY

Defendant  DIERICH HAMMOND

Case Number  87-42123-A

**FILED**
D. McCLOUD
17 1988
RICHARD P. BRINKER
CLERK

# SENTENCE

(As to Count _____ one _____ )

The Defendant, being personally before this Court, accompanied by his attorney, _____ R. Druks _____

_____ , and having been adjudicated guilty herein, and the Court having given the Defendant an opportunity
to be heard and to offer matters in mitigation of sentence, and to show cause why he should not be sentenced as provided by law,
and no cause being shown,

☐ and the Court having on _____ deferred imposition of sentence
until this date.                                          (date)

*(Check either provision
if applicable)*

☐ and the Court having placed the Defendant on probation and having subsequently revoked the
Defendant's probation by separate order entered herein.

IT IS THE SENTENCE OF THE COURT that:

☐  The Defendant pay a fine of $ _____ , plus $ _____ as the 5% surcharge required by F.S. 960.25.
☒  The Defendant is hereby committed to the custody of the Department of Corrections
☐  The Defendant is hereby committed to the custody of the Sheriff of DADE County, Florida

To be imprisoned (check one; unmarked sections are inapplicable)

☐  For a term of Natural Life
☒  For a term of _____ THREE AND ONE HALF (3½) YEARS _____

_____
_____
_____
_____

☐  For an indeterminate period of 6 months to _____ years.

## SPECIAL PROVISIONS

By appropriate notation, the following provisions apply to the sentence imposed in this section:

| | |
|---|---|
| *Firearm — 3 year mandatory minimum* | ☐ It is further ordered that the 3 year minimum provisions of F.S. 775.087(2) are hereby imposed for the sentence specified in this count, as the Defendant possessed a firearm. |
| *Drug Trafficking — mandatory minimum* | ☐ It is further ordered that the _____ year minimum provisions of F.S. 893.135(1) ( ) ( ) are hereby imposed for the sentence specified in this count. |
| *Retention of Jurisdiction* | ☐ The Court pursuant to F.S. 947.16(3) retains jurisdiction over the defendant for review of any Parole Commission release order for the period of _____ . The requisite findings by the Court are set forth in a separate order or stated on the record in open court. |
| *Habitual Offender* | ☐ The Defendant is adjudged a habitual offender and has been sentenced to an extended term in this sentence in accordance with the provisions of F.S. 775.084(4)(a). The requisite findings by the court are set forth in a separate order or stated on the record in open court. |
| *Jail Credit* | ☒ It is further ordered that the Defendant shall be allowed a total of _____ 163 DAYS _____ credit for such time as he has been incarcerated prior to imposition of this sentence. Such credit reflects the following periods of incarceration (optional). |
| *Capital — 25 year mandatory minimum* | ☐ It is further ordered that the 25 year minimum provisions of F.S. 775.082(1) are hereby imposed for the sentence specified in this count. |
| | ☐ It is further ordered that the entry of sentence be suspended. |
| *Consecutive/Concurrent* | It is further ordered that the sentence imposed for this count shall run ☐ consecutive to ☐ concurrent with (check one) the sentence set forth in count _____ above. |

Defendant __DIERICH HAMMOND_____

Case Number _87-42123-A_____

*Consecutive/Concurrent*
*(As to other convictions)*

It is further ordered that the composite term of all sentences imposed for the counts specified in this order shall run ☐ consecutive to  ☐ concurrent with (check one) the following:

☐  Any active sentence being served.

☐  Specific sentences: _____

_____

_____

_____

In the event the above sentence is to the Department of Corrections, the Sheriff of DADE County, Florida is hereby ordered and directed to deliver the defendant to the Department of Corrections together with a copy of this Judgment and Sentence.

The Defendant in Open Court was advised of his right to appeal from this Sentence by filing notice of appeal within thirty days from this date with the Clerk of this Court, and the Defendant's right to the assistance of counsel in taking said appeal at the expense of the State upon showing of indigency.

In imposing the above sentence, the Court further recommends _____

_____

_____

_____

_____

DONE AND ORDERED in Open Court at Miami, Dade County, Florida, this __7TH_ day of ___JUNE_____
A.D., 19 _88_ .

_____
JUDGE

ARTHUR I. SNYDER

CIR/CT/CRI 13
PRINTING METRO DADE REGS MAY NOT

☐ PROBATION VIOLATOR
*(Check if Applicable)*

IN THE CIRCUIT COURT ELEVENTH
JUDICIAL CIRCUIT, IN AND FOR
DADE COUNTY, FLORIDA

CRIMINAL DIVISION

**RECORDED** CASE NUMBER ___87-42312-A___

STATE OF FLORIDA

—vs—

**JUN 22 1988**

RICHARD P. BRINKER
CLERK

___DIETRICH HAMMOND___
Defendant

FILED
D. McCLOUD
JUN 7 1988
RICHARD P. BRINKER
CLERK

# JUDGMENT

The Defendant, being personally before this Court represented by _____R. Druks_____

_____, his attorney of record, and having:

*(Check Applicable Provision)*

☐ Been tried and found guilty of the following crime(s)
☒ Entered a plea of guilty to the following crime(s)
☐ Entered a plea of nolo contendere to the following crime(s)

| COUNT | CRIME | OFFENSE STATUTE NUMBER(S) | DEGREE OF CRIME |
|-------|-------|---------------------------|-----------------|
| 1 | ROBBERY WITH A FIREARM, to-wit: a HANDGUN | 812.13 | 1F |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

and no cause having been shown why the Defendant should not be adjudicated guilty, IT IS ORDERED THAT the Defendant is hereby ADJUDICATED GUILTY of the above crime(s).

. . . . . . . . . . . . . . . . . .

Check if Applicable

☒ The Defendant is hereby ordered to pay the sum of two hundred dollars ($200.00) pursuant to F.S. 27.3455. (Local Government Criminal Justice Trust Fund)

☒ The Defendant is hereby ordered to pay the sum of twenty dollars ($20.00) pursuant to F.S. 960.20 (Crimes Compensation Trust Fund).

☒ The Defendant is further ordered to pay the sum of three dollars ($3.00) as a court cost pursuant to F.S. 943.25(4).

☒ The Defendant is ordered to pay an additional sum of two dollars ($2.00) pursuant to F.S. 943.25.(8). (This provision is optional, not applicable unless checked).

☐ The Defendant is further ordered to pay a fine in the sum of $ _____ pursuant to F.S. 775.0835. (This provision refers to the optional fine for the Crimes Compensation Trust Fund, and is not applicable unless checked and completed. Fines imposed as part of the sentence pursuant to F.S. 775.083 are to be recorded on the Sentence page(s))

☐ The Court hereby imposes additional court costs in the sum of $ _____ .

OFF.
REC. 13723PG1C03

A.T.                    Page 1 of ___4___

Defendant _Dietrich Hammond_

Case Number _87-42312 A_

**Imposition of Sentence
Stayed and Withheld
(Check if Applicable)**

☐ The Court hereby stays and withholds the imposition of sentence as to count(s) _____ and places the Defendant on probation/Community Control for a period of _____ under the supervision of the Department of Corrections (conditions of probation/community control set forth in separate order.)

**Sentence Deferred
Until Later Date
(Check if Applicable)**

☐ The Court hereby defers imposition of sentence until _____ .
                                                            (date)

☐ The Court hereby suspends the entry of sentence as to Count(s) _____ .

The Defendant in Open Court was advised of his right to appeal from this Sentence by filing notice of appeal within thirty days from this date with the Clerk of this Court, and the Defendant's right to the assistance of counsel in taking said appeal at the expense of the State upon showing of indigency.

DONE AND ORDERED in Open Court at Miami, Dade County, Florida, this __7TH__ day of __JUNE__
A.D., 19 __88__ .

_[signature]_

JUDGE

ARTHUR I. SNYDER

FINGERPRINTS OF DEFENDANT

| Left four fingers taken simultaneously | Left thumb | Right thumb | Right four fingers taken simultaneously |
|---|---|---|---|

Fingerprints taken by:

_[signature]_ 26 56 C.f.L

Name and Title

I HEREBY CERTIFY that the above and foregoing fingerprints are those of the Defendant, and that they were placed hereon by said Defendant in my presence in Open Court at Miami, Dade County, Florida, this __7TH__ day of _____ JUNE _____ , 19 __88__ .

_[signature]_

JUDGE

ARTHUR I. SNYDER

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT OF FLORIDA,
IN AND FOR DADE COUNTY

Defendant ___DIETRICH HAMMOND___

Case Number _B7-42312-A___

FILED
D. Mc CLOUD
JUN 7 1988
RICHARD P ...KER
CLERK

## SENTENCE

(As to Count _____ one _____ )

The Defendant, being personally before this Court, accompanied by his attorney, ____R. Druks____

_____ , and having been adjudicated guilty herein, and the Court having given the Defendant an opportunity to be heard and to offer matters in mitigation of sentence, and to show cause why he should not be sentenced as provided by law, and no cause being shown,

☐ and the Court having on _____ _____ deferred imposition of sentence
until this date.                         (date)

*(Check either provision if applicable)*

☐ and the Court having placed the Defendant on probation and having subsequently revoked the Defendant's probation by separate order entered herein.

IT IS THE SENTENCE OF THE COURT that:

☐ The Defendant pay a fine of $ _____ , plus $ _____ as the 5% surcharge required by F.S. 960.25.

☒ The Defendant is hereby committed to the custody of the Department of Corrections

☐ The Defendant is hereby committed to the custody of the Sheriff of DADE County, Florida

To be imprisoned (check one; unmarked sections are inapplicable)

☐ For a term of Natural Life
☒ For a term of _____THREE AND ONE HALF (3½) YEARS_____

_____

_____

_____

_____

☐ For an indeterminate period of 6 months to _____ years.

### SPECIAL PROVISIONS

By appropriate notation, the following provisions apply to the sentence imposed in this section:

| | |
|---|---|
| *Firearm — 3 year mandatory minimum* | ☐ It is further ordered that the 3 year minimum provisions of F.S. 775.087(2) are hereby imposed for the sentence specified in this count, as the Defendant possessed a firearm. |
| *Drug Trafficking — mandatory minimum* | ☐ It is further ordered that the _____ year minimum provisions of F.S. 893.135(1) ( ) ( ) are hereby imposed for the sentence specified in this count. |
| *Retention of Jurisdiction* | ☐ The Court pursuant to F.S. 947.16(3) retains jurisdiction over the defendant for review of any Parole Commission release order for the period of _____ . The requisite findings by the Court are set forth in a separate order or stated on the record in open court. |
| *Habitual Offender* | ☐ The Defendant is adjudged a habitual offender and has been sentenced to an extended term in this sentence in accordance with the provisions of F.S. 775.084(4)(a). The requisite findings by the court are set forth in a separate order or stated on the record in open court. |
| *Jail Credit* | ☒ It is further ordered that the Defendant shall be allowed a total of ___161 DAYS___ credit for such time as he has been incarcerated prior to imposition of this sentence. Such credit reflects the following periods of incarceration (optional): |
| *Capital — 25 year mandatory minimum* | ☐ It is further ordered that the 25 year minimum provisions of F.S. 775.082(1) are hereby imposed for the sentence specified in this count. |
| | ☐ It is further ordered that the entry of sentence be suspended. |
| *Consecutive/Concurrent* | It is further ordered that the sentence imposed for this count shall run ☐ consecutive to ☐ concurrent with (check one) the sentence set forth in count _____ above. |

OFF.
REC. 13723PG1005        Page __3__ of __4__

CIR/CT/CRI 183

Defendant DIETRICH HAMMOND

Case Number 87-42312-A

Consecutive/Concurrent
(As to other convictions)

It is further ordered that the composite term of all sentences imposed for the counts specified in this order shall run ☐ consecutive to ☒ concurrent with (check one) the following:

☐ Any active sentence being served.

☒ Specific sentences: _____ 87-42123-A

In the event the above sentence is to the Department of Corrections, the Sheriff of DADE County, Florida is hereby ordered and directed to deliver the defendant to the Department of Corrections together with a copy of this Judgment and Sentence.

The Defendant in Open Court was advised of his right to appeal from this Sentence by filing notice of appeal within thirty days from this date with the Clerk of this Court, and the Defendant's right to the assistance of counsel in taking said appeal at the expense of the State upon showing of indigency.

In imposing the above sentence, the Court further recommends _____

DONE AND ORDERED in Open Court at Miami, Dade County, Florida, this __7TH__ day of _____JUNE_____ A.D., 19 _88__ .

_____
JUDGE

ARTHUR I. SNYDER

STATE OF FLORIDA
COUNTY OF DADE } S. S.

I HEREBY CERTIFY that this instrument is a true and correct copy as shown by files and records in my office. WITNESS MY HAND and official seal this
SEP 2 0 1989

RICHARD F. BRINKER
Clerk Circuit Court

By _____ Hernandez _____ Go/D.C.

OFF. REC. 13723PG1006

CIRCT/CRI 13