UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,   CASE NO. 00-6152-CR-DIMITROULEAS

    Plaintiff,

vs.

DIETRICH HAMMOND,

    Defendant.
_____/

FILED by ___ D.C.

AUG 3 1 2000

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

## ORDER

THIS CAUSE having been heard upon Defendant's August 10, 2000 Motion To Dismiss Indictment With Prejudice Based on Violation of Speedy Trial Act, and the Court having reviewed the Government's August 23, 2000 Response, having received testimony from Senior Inspector Angela Lear Hernandez at a hearing held on August 30, and 31, 2000, having heard arguments of counsel, having determined credibility of witness, having reviewed the exhibits, finds as follows:

1. On June 13, 2000, the Defendant arrived at the Ft. Lauderdale Airport aboard an Air Jamaica flight. He presented an altered passport and was detained under the name Christopher Brown for an expedited removal. He could have been ordered back on the plane returning to Jamaica based upon an expedited removal. However, the turn around time for the Air Jamaica flight was too fast to accommodate the paperwork, so the Defendant was held at the Krome Detention Center overnight.

2. On April 14, 2000, the Defendant was returned to the airport for expedited removal. However, by then, the Defendant's true identity, including a prior deportation and criminal offenses, had been ascertained. The Defendant was ordered back to Krome to be re-processed to



see an Immigration Judge.

3. Due to apparent negligence, the Defendant's case was not processed expeditiously. Mitch Brown, the inspector initially assigned to the Defendant's case was absent from work for a significant period of time, and he eventually quit the Immigration and Naturalization Service (INS).

4. On May 9, 2000, Senior Inspector Lear-Hernandez began to work on the case. Because of housing shortages, INS moved the Defendant to Bradenton, which further complicated the process. On May 19, 2000 Senior Inspector Lear Hernandez finally received the "A" file, which was needed to prosecute the Defendant either administratively or criminally. No criminal complaint was ever filed. However, the file was given to the United States Attorney's Office at about that time.

5. On June 6, 2000, the Defendant was indicted on three counts: Illegal Re-Entry, False Statements, and Attempted Use of an Altered Passport.

6. In this case, the Defendant was never detained for criminal charges. Therefore, any time limits regarding speedy trial were not triggered. U.S. v. Reme, 738 F. 2d 1156 (11th Cir. 1984), cert. denied, 105 S. Ct 2334 (1984). The Defendant was administratively detained for immigration purposes, certainly until at least May 24, 2000[1], when Senior Inspector Lear Hernandez decided not to seek a complaint, but to gamble on the Defendant's still being in the country on the next available date for indictment, June 6, 2000. Any delay from May 24th to June 6, 2000 would not be violative of the Defendant's speedy trial rights.

7. There is no evidence of a ruse being conducted to detain the Defendant

---

[1] There is a legal basis for INS' conducting a summary deportation proceeding reinstating a prior deportation. U.S. v. Martinez-Vitela, 183 F. 3d 1131, 1133 (9th Cir. 1999)

administratively for a later criminal prosecution. U.S. v. Ortiz-Lopez, 24 F. 3d 53, 54 (9th Cir. 1994); U.S. v. Cepeda-Luna, 989 F. 2d 353 (9th Cir. 19093). The Defendant has not satisfied the burden of proving a ruse. U.S. v. De La Pena-Juarez, 214 F. 3d 594, 598 (5th Cir. 2000). Certainly, only one day of delay in this case was attributable to the Defendant, the rest was attributable to INS' delay[2], but delays were not designated to facilitate criminal charges. Had the Defendant been deported, he would have received a windfall; no prosecution. The Defendant is not prejudiced by his not receiving that windfall.

8. Moreover, even if this Court were to have found a speedy trial violation, the Court would have found that these charges are moderately serious[3], and the delay in filing this case would not have been serious enough to warrant a dismissal with prejudice. U.S. v. Hastings, 847 F. 2d 920 (1st Cir. 1988).

9. Even if this Court had granted a dismissal with prejudice, it would not have necessarily applied to Counts One and Two, which were discovered as a basis for detention in this case after June 13, 2000 the initial detention in this case. U.S. v. Giwa, 831 F. 2d 538 (5th Cir. 1987); U.S. v. Pollock, 726 F. 2d 1456 (9th Cir. 1984); U.S. v. Cortinas, 785 F. Supp. 357 (E.D.N.Y. 1992).

10. Finally, had this Court granted a dismissal without prejudice, there is nothing to cause this Court to believe that re-indictment would not have been inevitable. U.S. v. Gambino, 59 F. 3d 353 (2d Cir. 1995).

---

[2] Should the Defendant be convicted in this case, the Court may very well recommend credit for time served while in administrative custody. U.S. v. Encarnacion, 56 F. Supp. 2d 151 (D.P.R. 1999).

[3] U.S. v. Pena-Carrillo, 46 F. 3d 879, 882 (9th Cir. 1995). There was no purposeful wrong doing in this case. The purpose of deterring prosecutional misconduct and delay would be little served by barring reprosecution in this case.

11. There was no egregious government conduct that would warrant a due process dismissal. A violation of Rule 5 in not bringing a detainee before a magistrate does not apply to civil deportations. Cepeda-Luna at 358.

Wherefore, Defendant's Motion To Dismiss on Speedy Trial violations is DENIED.

DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida, this 31 day of August, 2000.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Tim Day, AFPD

Ed Ryan, AUSA