UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,   CASE NO. 00-6152-CR-DIMITROULEAS

Plaintiff,

vs.

DIETRICH HAMMOND,

Defendant.
_____/

FILED by _____ D.C.

SEP 5 2000

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

## ORDER

THIS CAUSE having been heard upon Defendant's August 24, 2000 Motion To Dismiss Indictment [DE-27], which is really a Motion to Dismiss Count One of the Indictment, and the Court having considered Government's August 30, 2000 Response, and having heard arguments on August 30, 31 and September 5, 2000, finds as follows:

1. On June 13, 2000, the Defendant arrived at the Ft. Lauderdale Airport from Jamaica, using a fictitious name. He was detained because of an altered passport. Subsequently, his true identity was ascertained, and he was charged, in Count One of a June 6, 2000 three count Indictment, with Re-entry after Deportation. He seeks now to dismiss Count One.

2. In this Motion to Dismiss, the Defendant complains that his prior deportation was fundamentally unfair because he was prevented from seeking judicial review of the deportation order.

3. On December 26, 1987 at 3:00 P.M. Jeremy Middleton was walking home from a bus stop. A car pulled up along Middleton at 15231 N.W. 18th Avenue in Dade County, Florida. The Defendant was the passenger, and Michael Bradshaw was the driver. Bradshaw pointed a blue



steel revolver at Middleton. The Defendant told Middleton that he should give Bradshaw everything because he's crazy. Bradshaw and the Defendant then drove away with Middleton's property.

4. On December 26, 1987 at 3:30 P.M., Tarrant Gilbert was walking on N.W. 183 Street approaching N.W. 32nd Avenue when the Defendant exited a car and pointed a large blue steel revolver at the victim. Gold jewelry was taken from the victim.

5. On June 7, 1988, the Defendant was convicted of both these Armed Robberies, in case numbers 87-42123-A and 87-42312-A, and he was sentenced to three and one half (3 ½) years in prison on both charges to run concurrently.

6. The two robberies were of two different victims, one-half hour apart, and separated by approximately forty-four (44) blocks.

7. Although, the Defendant was charged and convicted of two Armed Robberies with a Firearm, he was not charged with manually possessing the firearm and was thereby not subject to a mandatory three (3) year minimum sentence because of the use of a firearm. Berry v. State, 652 So. 2d 836, 841 (Fla. 4th DCA 1995); F.S. §775.087(2) [1]. Florida law prohibits the stacking (consecutive) of minimum mandatory sentences for possession of a firearm for multiple crimes forming part of a single criminal episode. Palmer v. State, 438 So. 2d 1 (Fla. 1983). However, where separate incidents occur at separate times and separate places, consecutive minimum mandatory sentences are allowed under Florida law. Ross v. State, 493 So. 2d 1015 (Fla. 1986). Under the facts of these cases, had the Defendant manually possessed the firearm both times, separate minimum mandatory sentences would have been permissible because of the separation

---

[1] Vicarious or constructive possession of a firearm during the commission of a felony in Florida will not support a three (3) year minimum mandatory sentence. Dye v. State, 667 So. 2d 935, 936 (Fla. 2d DCA 1996); Earnest v. State, 351 So. 2d 957 (Fla. 1977).

in time and location. Chatman v. State, 509 So. 2d 1163, 1164 (Fla. 5th DCA 1987). Also, here the Defendant had plenty of time to change his mind[2] and refuse to commit another crime so that these two crimes would have been predicate offenses under the Armed Career Criminal Act. U.S. v. Cardenas, 217 F. 3d 491, 492 (7th Cir. 2000). By analogy, the Court finds that these two 1987 robberies did not arise out of a single scheme of criminal misconduct.

8. On July 20, 1990, the Defendant appeared at a hearing and was found deportable. Subsequently, he had been given actual notice of the hearing on May 1, 1991, but he failed to appear. The Defendant was represented by counsel, Rosemarie Robinson, and he was ordered deported, in absentia. No appeal was filed.

9. The Defendant was not arrested until February 3, 1998, and he was not deported until March 13, 1998.[3]

10. Pursuant to 8 U.S.C. §1326(d), an alien may not challenge the validity of a deportation order unless he has exhausted any administrative remedies, the deportation proceedings deprived the alien of the opportunity for judicial review and the entry of the order was fundamentally unfair. Because the Defendant failed to appeal the May 1, 1991 order, he failed to exhaust his administrative remedies. U.S. v. Hinojosa-Perez, 206 F. 3d 832 (9th Cir. 2000); U.S. v. Estrada-Torres, 179 F. 3d 776, 780 (9th Cir. 1999); U.S. v. Garza-Sanchez, 217 F. 3d 806, 808 (9th Cir. 2000); Moreover the Defendant cannot demonstrate that his deportation proceeding was fundamentally unfair. His two robbery convictions did not arise from a single

---

[2] See Akindemowo v. INS, 61 F. 3d 282 (4th Cir. 1995) for the opportunity to reflect on one crime and change one's mind before the next (bad checks at same shopping mall within a short period of time).

[3] Eight days has been held enough time for an alien to file a motion to re-open, which may have stayed his deportation. U.S. v. Hinajosa-Perez, 206 F. 3d 832, 836 (9th Cir. 2000).

scheme of criminal misconduct.[4] Therefore, no prejudice has been shown. U.S. v. Martinez-Vitela, 183 F. 3d 1131, 1135 (9th Cir. 1999). Defendant has not overcome the presumption that his prior deportation proceeding was conducted in a valid manner. U.S. v. Arevalo-Tavares, 210 F. 3d 1198, 1200 (10th Cir. 2000).

Wherefore, Defendant's Motion to Dismiss is DENIED.

DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida, this _____ day of September, 2000.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Tim Day, AFPD

Edward Ryan, AUSA

---

[4] Animashaun v. INS, 990 F. 2d 234, 237 (5th Cir. 1993)(Two forgery convictions closely following each other were not arising out of a single scheme of criminal conduct); Baloqun v. INS, 31 F. 3d 8, 9 (1st Cir. 1994)(different victims); but see, Gonzalez-Sandoval v. INS, 910 F. 2d 614, 616 (9th Cir. 1990).