# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　Plaintiff, | CASE NO.00-6152-cr-Dimitrouleas<br><br>Magistrate Judge Snow |
| vs. | |
| DIETRICH P. HAMMOND,<br>　　Defendant.<br>_____/ | |

NIGHT BOX FILED
NOV 19 2001
CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

## NOTICE OF FILING
## TAPES AND TAPE TRANSCRIPTS

The defendant, DIETRICH P. HAMMOND hereby files the attached tapes and tape transcripts which were admitted into evidence in this cause. The tapes are numbered "1," "2," and "3," and the transcripts have the same number at the top of each first page.

## CERTIFICATE OF SERVICE

I certify that a copy hereof (except the tapes, which were supplied by the government) was furnished to: Appellate Division, U.S. Attorney Office, 99 N.E. 4th Street, Miami, Florida, 33132 by United States Mail on November 19, 2001.

Respectfully Submitted,

MICHAEL ZELMAN
Counsel for Defendant
201 Alhambra Circle, Suite 701
Coral Gables, Florida 33034-5108
Telephone: (305) 358-1600
Fax Number: (305) 447-1290

_____
Michael Zelman
Florida Bar Number 241733



## Tape 1

| | |
|---|---|
| Judge: | This is Judge John Duncan, Oakdale, Louisiana in deportation proceedings in the matter of Paul Dietrich Hammonds, which is Case no. 835676766. The applicant is represented by his attorney Ms. Robinson. Ms. Robinson are you informing the Court that you are on this day sending a G28 to this Court? |
| Robinson: | That's right. |
| Judge: | For your representation of the client? Now do you waive the formal reading of all the rights to the respondent? |
| Robinson: | Yes, we do. |
| Judge: | And you know as proper service and receipt of the forms I-618 _____ order to show cause. Ms. Robinson? |
| Robinson: | Yes, we do, sir. |
| Judge: | Very well. |
| Robinson: | _____ |
| Judge: | Any objections to the court marking receiving in evidence as ____ order to show cause. |
| Robinson: | No, Judge. |
| Judge: | Let it be received. As to the allegations therein, allegations 1 through 6, do you waive the former reading of those allegations? |
| Robinson: | Yes. |
| Judge: | And how do you plea those? |
| Robinson: | We admit the allegations. |
| Judge: | And are you conceding the foregoing? |
| Robinson: | Yes. |
| Judge: | Very well. Do you wish to designate a country of deportation for your client? |

1

| | |
|---|---|
| Robinson: | No. Jamaica. |
| Judge: | Jamaica? And is your client in any fear of returning to Jamaica? |
| Robinson: | Not that I am aware of. |
| Judge: | Very well. Sir, do you have any fear of returning to Jamaica? |
| Hammond: | Yes sir. |
| Judge: | For political reasons? |
| Hammond: | No, not really sir, but I just don't want to go back. |
| Judge: | I understand that but you have no reasons given ____ returning. I note that you wish to apply for relief from deportation now. |
| Robinson: | That's correct. |
| Judge: | What relief do you seek? |
| Robinson: | ____. |
| Judge: | 2-12-C? I will give your 2 weeks to file an application for that. It must be filed with the court on or before March 8, 1989. What date do we have? |
| ? | May 1, 10:00 in the morning. |
| Judge: | I'm going to set your hearing for May 1, 1989. And in an abundance of precaution Ms. Robinson, if your client wishes to file for political asylum you must also file that application with the court on or before March 8, 1989 and the hearing will be held the same date. Any questions? |
| Robinson: | No. |
| Judge: | Very well. Uh, anything before the court before we adjourn. |
| Robinson: | No. |
| Judge: | Very well. This matter is adjourned until... |
| Robinson: | Excuse me Judge, _____(?) |

2

| | |
|---|---|
| Judge: | That's correct. |
| Robinson: | _____. I do not know _____. |
| Judge: | Has he already had a bond hearing? |
| Robinson: | I believe so Judge. |
| Judge: | Well you can make a motion to reopen bond. |
| ?: | I don't show that he has had a bond hearing. |
| Judge: | I don't see that he has had a bond hearing previously. |
| ?: | I don't believe he has. |
| Judge: | This all you have for deportation court, is that correct? |
| Robinson | All the deportation. |
| Judge: | Right, this hearing is adjourned. |

3

## Tape 2

Judge: We have before us this morning case A35-676-6766, Paul Hammond. Today's date is the 5th day of October 1989. This is Immigration Judge Michael Horn. With me this morning at the Immigration Court in Miami, Florida is Mr. William Cox, he is the general attorney who appears on behalf of the Immigration Service. Also present is Rosemary Robinson, legal counsel for the respondent. I understand Ms. Robinson that your client, the respondent is not present, is that correct?

Robinson: Yes.

Judge: And once again for the record would you state why your client is not present.

Robinson: My office called my office a few minutes ago informing that he had a ____ and he was having difficulty with it _____ (I can't hear what she is saying).

Judge: Alright.

Robinson: I would also like to mention that he was here _____ (I can't hear).

Judge: On September 21 you had filed a motion for continuance because you were ill so I continued the case. What I am going to do in this case, I'll point out to the parties that the issue of deportability has been addressed and resolved, the respondent having admitted to the allegations and conceded to deportability we do have pending an application for relief under § 212(c) of the Act and what I'm going to do in this case is reset the case for one week. October 12 will be the hearing date at 10:30 in the morning. October 12, 1989 at 10:30 in the morning. That is my master calendar. I want this individual to appear before this court so that I know that he wishes to go forward in this case. He does not appear on October 12, I will deem the application for relief abandoned and proceed to a final order. If he does appear we will talk about resetting it on the individual docket and take up the area of relief that is pending. Okay? Any questions?

Alright, one week from today, October 12 at 10:30 in the morning. Thank you.

## October 12, 1989

Judge: Okay we are on the record, this is a proceeding in deportation. We have before us this morning case A35-676-6766, Paul Hammond. Today's date is October 12, 1989, this is Immigration Judge Michael Horn. With me this morning is Mr. Scott Rosen,

1

|||
|---|---|
| | he is the general attorney who appears on behalf of the Immigration Service. The respondent today is present. Also we have Ms. Robinson present and we had reset the case from one week ago until today to have all parties present. I understand your client speaks English. Is that correct Ms. Robinson? |
| Robinson: | Yes. |
| Judge: | Sir, for the record would you please state your full name? |
| Hammond: | Dietrich Paul Hammond. |
| Judge: | Alright your first name is Dietrich? |
| Hammond: | Yes. |
| Judge: | So we need to change that in the computer, we show Paul Dietrich Hammond. So it is Dietrich Paul Hammond. Is that correct? |
| Hammond: | Yes. |
| Judge: | Seated next to you is legal counsel Ms. Robinson. Do you wish for her to speak for you in this hearing? |
| Hammond: | Yes, ____. |
| Judge: | Alright. You want to clarify the issues with the party, my file indicates that the respondent has admitted to the truth of the allegations and conceded to deportability under § 241(a)(4) of the Act. Is that your understanding as well Ms. Robinson? |
| Robinson | ____. (?) |
| Judge: | Okay. And uh the court notes that we have filed an application for relief under § 212(c) of the Act. Do you wish to designate a country of deportation if that becomes necessary? I see your client is an alien citizen of Jamaica. Jamaica is the country of deportation on the record. You advised us off the record that the case will take about a half a day to try. Is that correct? |
| Robinson: | Yes. |
| Judge: | Alright. I'm going to reset the matter on June 11, 1990 at 1:00 in the afternoon to take up the application for relief. Now Mr. Rosen I understand you don't have your administrative file today. Is that right? |

2

| | |
|---|---|
| Rosen: | I don't have ____. |
| Judge: | Well be prepared to go forward. Also, going to need those conviction records that you refer to in order to show cause. |
| Rosen: | I will. |
| Judge: | Okay. This will serve as notice to all parties. June 11, 1990 at 1:00. Thank you. |
| Robinson: | Thank you. |

June 11, 1990

| | |
|---|---|
| Judge: | Proceedings will come to order. This is the proceeding in deportation involves Case no. A35-676-766, Paul Dietrich Hammond is the name of the respondent. Today's date is the 11th day of June 1990. This Immigration Judge Michael Horn. This proceeding is being conducted at the Immigration Court in Miami, Florida. With me on this date is Mr. Eduardo Ortiz, he is the general attorney who appears on behalf of the Immigration Service. Now the respondent Paul Dietrich Hammond is not present. Also, Rosemarie Robinson, Esquire, attorney for respondent is not present. This case was last called on October 12, 1989. At which time all parties appeared. Respondent was present. Ms. Robinson was present. Immigration Service was represented by its general attorney Mr. Scott Rosen and at that time I notified the parties on the record that the case was reset for today, June 11, 1990 at 1:00. It is now quarter after 1:00 and as I have indicated, respondent has not appeared. I do have a motion for continuance, a motion to continue which was filed just prior to this hearing today by Rosemarie Robinson. We received a telephone call from Ms. Robinson's office this morning at 9:10 a.m. A return indicating that she would not be able to be here today due to illness. I then contacted her office, spoke with her secretary and asked for Ms. Robinson to return my call. She did so. I explained to her that there had been a history of nonappearance by her and her client in this case and that I expected the respondent to appear. And if at all possible Ms. Robinson was to appear. At the very least was to submit to the court a written motion for continuance. I told her at that time in that telephone conversation that at the time of the hearing I would take up the motion to continue and decide whether or not it would be continued. The court is very much concerned that the respondent is not present. The court may understand the nonappearance of Ms. Robinson due to the circumstances set forth in her motion to continue at being that she had an accident on Saturday, June 9, 1990 resulting in an injury to her back. However, an injury to |

3

|  |  |
|---|---|
|  | Ms. Robinson in no way excuses that appearance by the respondent in this case. And I so explained that to Ms. Robinson on the telephone this morning and further she stated that the respondent would be present. Now we do have pending before us for consideration the application under § 212(c) of the Act. The court has reviewed the record of proceedings pursuant to 8(c) of 4242.8(b). I am aware that Immigration Judge John Duck on February 22, 1989 conducted a telephonic proceeding wherein Ms. Robinson admitted to the truth of the allegations and conceded to deportability as charged that her client is subject to deportation under § 241(a)(4) of the Act. Mr. Ortiz, the respondent in not appearing this date, what is the position of the Immigration Service. |
| Mr. Ortiz: | _____ (I cannot understand). |
| Judge: | The court considering the fact that the respondent and counsel did not appear on September 21, 1989. There was a motion for continuance granted at that time due to sickness. Case was reset on October 5, 1989 respondent was not present. Ms. Robinson appeared late stated that she had a flat tire.

Let the record show that approximately at 1:20 p.m. the respondent appeared. Sir, you speak and understand the English language, is that correct? |
| Hammond: | Yes. |
| Judge: | Alright. I want you to state your full name. |
| Hammond: | Dietrich Paul Hammond. |
| Judge: | Alright, then Mr. Hammond, why are you late today? |
| Hammond: | Because I had to pick up my mother ____ my grandmother had a heart attack so she was at the hospital _____ (I cannot hear). |
| Judge: | Alright. And you are aware that your attorney Ms. Robinson has filed a motion to continue in your case due to what she claims to be a back injury. |
| Hammond: | Yes. |
| Judge: | You still wish to seek relief before this Court under § 212(c) of the Immigration and Nationality Act?

Alright I am going to reset your case. Sir, I am going to reset your case for June the 20th at 1:00 in the afternoon. June 20, 1990 at 1:00 in the afternoon. So that is 9 days from today. I want you back here and don't be late. Now I leave that to you as |

|||
|---|---|
| | well to advise your attorney Ms. Robinson of that hearing. This is the only notice you will receive. Alright. We will adjourn to that date. |

### June 20, 1990

| | |
|---|---|
| Judge: | We are on the record this is a proceeding in deportation. We have before us Case A35-676-766. It involves the respondent in deportation Paul Dietrich Hammond. Today's date is the 20th day of June, 1990. It is a Wednesday. This is Immigration Judge Michael Horn. With me this afternoon is Mr. Mark Glickman, he is a general attorney, he appears on behalf of the Immigration Service. Also present is legal counsel Ms. Rosemary Robinson, she appears on behalf of the respondent. The respondent is present. The court has been previously advised that this proceeding may be conducted in its entirety in the English language. To the respondent, sir, would you please state your full name? |
| Hammond: | Dietrich Paul Hammond. |
| Judge: | And Mr. Hammond, seated next to you is Ms. Robinson, do you wish for her to represent you in this proceeding? |
| Hammond: | Yes, _____. |
| Judge: | The court has before today an application for a waiver of deportation under § 212(c) of the Act and I have received as of this date June 20, 1990, dated 10:16 a.m. a memorandum from the Immigration Service. It is a document entitled Memorandum from the Immigration Service to supplement record and give notice. What is this document Mr. Glickman? |
| Glickman: | Yes, your Honor. This document was filed by Mr. Ortiz this morning and _____ indicated to me that on the original order to show cause _ _ 6/21/88 convicted in the Circuit Court in Dade County _____ (cannot hear) 6/7/88 as opposed to 6/21/88. Other than that they should be the same. |
| Judge: | And if they're not? |
| Glickman: | Other than that the ____ the technical language in the order to show cause ____ and I think he also indicates that count 5, that's the statute ___ which 7705 ____ aid and abet there was an error in the statute, _____. |

5

Judge: I note also that there is a difference in the language of allegation no. 5 other than what you have pointed out in the original order to show cause. It refers to the conviction for robbery. Allegation no. 5 which is set forth in the additional charges of deportability. Allegation 5 says the robbery with a firearm to wit a pistol and/or a revolver.

Glickman: Okay, as far as that is concerned, under 812.13 \_\_\_\_ involving the theft. The time of robbery is defined in terms of taking property, taking property by force becomes the offense of robbery. For sentencing guidelines purposes the state was able to show at that time the robbery was with a firearm. That would make respondent eligible _____.

Judge: That may be but I will say Ms. Robinson that I believe that that additional language does have an impact on your case.

Robinson: I agree with him.

Judge: 'As far as that relief that is pending before us. It is very important on it and the dates as well as are important. Now the reason we're at this point and I will state this for the record, I was not the judge that addressed the issue of deportability. That was Judge Duck. I have reviewed the cassette and the record of proceeding, the tape cassette and the entire record proceeding. The tape cassette will indicate that the issue of deportability was addressed telephonically and Ms. Robinson was then counsel and conferred with Judge Duck over the telephone inasmuch as I believe this individual was detained at the facility in Oakdale, Louisiana. Ms. Robinson, you did at the time admit and concede to the allegations on the order to show as set forth. At no time did the Immigration Service ever submit to the court and as of this moment I still do not have within the record of proceedings the conviction records and Ms. Robinson with this additional charge of deportability which I note on the certificate of service was, which is contained on page 1 of the memorandum, was served on you this date by telefax communication. What is your position?

Robinson: As you mentioned the fax did come to my office this morning but since I have not been able to go back to my office because I have been in court I have not yet seen the memorandum. Even though _____ it was received. The problem that I am having here your Honor is in regard to the affect on my client isn't that it is by the additional charge of deportability it is being claimed that these convictions were not out the _____ and I have yet to see the information to show that.

Judge: Well what are you requesting of this court if anything? Are you ready to proceed in this case today? Are you ready to address these allegations as set forth in the additional charge of deportability?

6

| | |
|---|---|
| Robinson: | No sir, your Honor. |
| Judge: | Are you asking for a continuance? |
| Robinson: | If I can receive documentation from the general attorney which will satisfy me with _____. |
| Judge: | I think you are entitled to a continuance. I'll tell you flat out. I would ask for a continuance if I was in your shoes. I think this is ridiculous that the ... |
| Glickman: | _____. |
| Judge: | You can't withdraw it's already presented to the court what's in the record of proceeding. This isn't matter of just coming and going. This case, the issue of deportability was addressed way back in 1989, February 1989. I had called this case September 21, 1989, respondent and counsel were not present. Frankly, respondent may have appeared late is the note I made. But at the time I called the case neither respondent or counsel were present. There was a motion for continuance, written motion, I granted that. 10/5/89, respondent not present. Ms. Robinson appeared late, said she had a flat tire. She came in, reset the case. I gave her one last chance to get the respondent in here. And also in granting that continuance I took into account my notation that on September 21, 1989 the respondent may have appeared but he appeared late so I was willing to give him the benefit of the doubt. October 12, 1989, respondent and Robinson were present. I reset the case on 212(c) waiver allowed for a half a day. I set it for June 11, 1990. Case called at 1:15. Respondent not present, Ms. Robinson. At 1:20 I was placing a decision on the record and respondent appeared. He gave me an excuse which is on the record. Based upon that I reset the case. Ms. Robinson had submitted a motion for continuance said that she was ill. Later submitted that motion by a doctor's letter and we find ourselves here today.

What I'm pointing out is that the Service at least four different occasions has had time, this case has come to their attention to the effect that it has been called in court and on none of those occasions was there even mention that there was a problem in this case. |
| Glickman: | Your honor, I don't ___ or what Mr. Ortiz said ... |
| Judge: | I don't know why either and that's what concerns me Mr. Glickman because you are here as a general attorney. I'm sure, I'm going to assume that you are well prepared, and prepared to go in the case and yet we have an attorney, general attorney Mr. Ortiz files this document with the court, disrupts this proceeding, counsel and her client are entitled to notice in reference to this. They're entitled to an opportunity to prepare to these new allegations and respond to them. They are substantially different. Not |

7

|            |                                                                                                                                                                                                                                                                                                                  |
|------------|--|

only as to the date but the statutory section involved and the one charge adds a weapon. Which the court is going to find very relevant in reference to a determination as to whether or not a waiver should be granted.

Glickman: Your Honor, I must point out that Ms. Robinson did indicate that she is not contesting the conviction because she does \_\_\_\_ the issue whether or not _____ transaction. I have documentation ...

Judge: Well I don't know if that is your position. Is that your position?

Robinson: No your Honor.

Judge: Because the memorandum that the service has provided me in the last paragraph says the attorney of record has advised the undersigned trial attorney that all the allegations and the deportation charge as included in said form 1-261 are denied by the respondent. Now that's the very words of Mr. Ortiz in his memorandum. Is that your position Ms. Robinson.

Robinson: That is correct your Honor.

Glickman: Your Honor, I am not sure if Ms. Robinson is saying that she is denying the fact that respondent was convicted. We are talking about the judge ...

Judge: I don't know if she is denying the fact or not but what I'm saying is that under just the basic elements of due process she is entitled to at least review the situation and find out and make an intelligent decision based upon her review as to whether or not she is denying. You're asking her to respond on allegations that you have just filed today. And I am not so sure that that's fair.

Glickman: I would also point out that _____ order to show cause was able to prove the allegations _____ in both state, federal and immigration \_\_\_\_ the date is not a critical factor. The date is an information factor.

Judge: That very well may be. That very well may be but we've gone beyond that and that's why I pointed out that what I feel is a substantial difference. A weapon has been added to that robbery charge and allegation no. 5. The court is voicing its frustration. I am not happy with the behavior of Ms. Robinson or her client in this case to this point. I in granting the continuance this last setting I sent out an order dated the 13th day of June, 1990. All parties are advised that no further continuances will be granted. And this was not addressed to the Immigration Service although you were sent a copy, but that message was being sent to Ms. Robinson and her client that we have had this history that I have outlined and I didn't want to have it continued and it would not continue. And then the Immigration Service having this document

8

|   |   |
|---|---|
|   | before, says this "files this memorandum at the eleventh hour" and expects the court to either just press on with business. I am not going to do that because you know what's going to happen. I'll press on with business and maybe I find in favor of the respondent and maybe I don't. And maybe an appeal is taken. And if I sat on the Board of Immigration Appeals in this type of instance, I'd send it back. I'd say counsel is entitled to time no matter what the history. The Immigration Service has created this situation, due process calls for her an opportunity to respond. These are serious allegations. Yes, the time is one element and maybe that can be overlooked and maybe it is overlooked as you said in other proceedings and even in immigration court proceedings. But that's not all we're talking about here. Do you want a continuance? |
| Robinson: | Yes your Honor. |
| Judge: | You got it. And I'm not doing that because I want to do it. I'm doing it because it is the fair thing to do. |
| Robinson: | I understand. I think it is needed in this situation. |
| Judge: | I want you Mr. Glickman to share the information that you have with her in reference to the conviction documents that you intend to offer and we're going to take them up at the master calendar on July 19, 1990 at 1:00 in the afternoon. That is the soonest date that I have available to address this issue. I have checked with my clerk and that is the first date that she gave me. That will be the master calendar. We will not on that date be able to take up the application for waiver of deportation because quite frankly I will not have time it being my master calendar. Upon us addressing the issue of deportability and having it resolved one way or the other we will then make a determination as to how we should proceed. The court does have pending before it as I said the request for a waiver of deportation. Nothing further. Anything that either party would like to add in any way in this case because I want the record to be complete. We adjourn to that time and date. This is the only notice you will receive. |

July 19, 1990

|   |   |
|---|---|
| Judge: | On record in Case no. A35-676-766. Today's date is the 19th day of July, 1990. It is a Thursday. This is Immigration Judge Michael Horn. With me is Mr. Rene Mateo, the general attorney who appears on behalf of the Immigration Service. Also present is legal counsel Ms. Robinson, she appears on behalf of the respondent. Ms. Robinson you have advised the court off the record that the respondent Paul Dietrich |

9

|  |  |
|---|---|
|  | Hammond is not present. Will you state for the record why your client is not present. |
| Robinson: | Your Honor, I have been advised my office that Mr. Hammond just called to state that he is in accident, a car accident, at the Golden Glades Interchange. Apparently he has not been injured at the accident. Therefore he cannot leave until the police will let him. |
| Judge: | But as far as you know your client is not injured, is that correct? |
| Robinson: | As far as I know. What I am going to do in light of that is reset the case until tomorrow morning at 9:00. That is July the 20th, 1990 before me. And at that time we will take up the issues that were set for today. Mr. Mateo, is the Immigration Services prepared to go forward? You have the conviction records, is that correct? |
| Mateo: | That's correct, your Honor. |
| Judge: | Okay. We are adjourned until tomorrow morning. Thank you. |

S:\DAY\Hammond\Tape.02.wpd

## Tape 3

| | |
|---|---|
| Judge: | July 20, 1990. This is Immigration Judge Michael Horn. With me this morning is Mr. Rene Mateo. He is the general attorney who appears on behalf of the Immigration Service. Also present is legal counsel Ms. Robinson and seated next to her is the respondent. So the record is clear, this proceeding will conducted in its entirety in the English language and to the respondent. Sir, once again, please state your full name. |
| Hammond: | Paul Dietrich Hammond. |
| Judge: | And with you is Ms. Robinson and you wish for her to speak for you in this hearing today? |
| Hammond: | Yes sir. |
| Judge: | Okay, today Ms. Robinson we reset this case due to the fact that the Immigration Service had filed with the court additional charges of deportability and Ms. Robinson your having been served with that I granted you a continuance to give you an opportunity to review the allegations as set forth and to prepare for the entry of a plea in this case. In reference to the additional charges of deportability as set forth in the form I-261 which is dated June 18, 1990, how do you plea to allegations 5 and 6? |
| Robinson: | _____. |
| Judge: | Alright. To the charge of deportation under § 241(a)(4) of the Act? |
| Robinson: | We admit your Honor. |
| Judge: | Is the service presented to the court the documents to support allegations 5 and 6. |
| Mateo: | _____. Service provided copy to counsel _____ not on the 19th but on the previous occasion _____ copies of both judgments and the information _____ _____. |
| Judge: | The order to show cause in this case has been marked as Exhibit 1, that's the original document of August 31, 1988. I am marking the form I-261 as Exhibit 2. It will be received and I will mark the conviction records as Exhibit 3. Counsel having had an opportunity to review these documents contained in Exhibit 3 do you have any objections. |
| Robinson: | No. |

1

| | |
|---|---|
| Judge: | Okay, they will be received. Based upon the pleas taken so far in this case and also based upon the documentation offered specifically Exhibit 3, the court finds that the respondent is a native and citizen of Jamaica who entered the United States in 1978. He was admitted at that time as a lawful permanent resident and I also find based upon the convictions as set forth in paragraphs 5 and 6 that this individual is subject to deportation under § 241(a)(4) of the Act. Having made that determination we do have pending before us the application for relief under § 212(c). Is that correct Ms. Robinson? |
| Robinson: | Yes. |
| Judge: | Okay. And I think you previously advised me but I want you to tell me again how long do you think that hearing will take? |
| Robinson: | I believe it will take an entire morning. |
| Judge: | Alright. We will allow that period of time. We will go off the record now to get a date. Alright, the soonest that I can set the hearing is May 1, 1991 at 9:00 in the morning. And we will allow the morning for the case and this will serve as notice to all parties. Any questions. I put on the record that while we went off the record to get a date Mr. Mateo having been advised off the record as to the setting of this case in May of 1991 I asked if we had a sooner date than that and Mr. Mateo in checking with the Clerk of the Court we do not. That is the first available date that I have which will allow us sufficient time in which to hear this case that being a 3 hour period. Nothing further. We will adjourn to that date. Thank you. |

<u>May 1, 1991</u>

| | |
|---|---|
| Judge: | This is a proceeding in deportation. We have before us this morning Case A35-676-766. It involves Dietrich Paul Hammond. Today's date is Wednesday, May 1, 1991. This is Immigration Judge Michael Horn. With me at the court in Miami, Florida on this date is Mr. Mark Glickman. He is the general attorney who appears on behalf of the Immigration Service. Also present is Ms. Rosemary Robinson. She appears on behalf of the respondent. Ms. Robinson, is Mr. Hammond the respondent present? |
| Robinson: | No he isn't, your Honor. |
| Judge: | And can you tell us why he is not present? |

2

| | |
|---|---|
| Robinson: | My client _____ I do not know why he is not present. We've had several conversations and he knew he was to supposed to be here. _____. |
| Judge: | Alright. The case, my records reflect was last called on July 20, 1990 on that date we resolved the issue of deportability. We addressed the additional charges and a determination was made that this individual is subject to deportation. Under § 241(a)(4) of the Act due to his convictions. The case was reset today to take up the application for a waiver of deportation under § 212(c). What is the position of the Immigration Service Mr. Glickman? |
| Glickman: | The _____. |
| Judge: | Can you give the court any reason Ms. Robinson why I should not grant the motion by the Immigration Service? |
| Robinson: | _____. |
| Judge: | The court will grant your motion Mr. Glickman. The court finds that the respondent being duly notified of this hearing date and failing to appear and no good cause being given concerning the failure to appear that the respondent has abandoned the application for waiver under § 212(c) and any and all other areas of relief that may have been available to this individual. Further, the court finds the issue of deportability having been resolved that the respondent by deported from the United States to his native country of Jamaica. The court notes that the case was set for 9:00, it is now approximately 9:25. That is the close of this case. Ms. Robinson, having placed my decision on the record I advise you that you do have the right to appeal my decision. Do you wish to reserve an appeal on behalf of this individual. |
| Robinson: | _____. |
| Judge: | Mr. Glickman, I assume that you accept the court's decision. |
| Glickman: | Yes, your Honor. |
| Judge: | This is a final decision. Case closed. I will provide the parties with a memorandum of oral decision. |

S:\DAY\Hammond\Tape.03.wpd

# ADDITIONAL

# ATTACHMENTS

# NOT

# SCANNED

PLEASE REFER TO COURT FILE