

Clarence Maddox
Clerk, U.S. District Court
299 E. Broward Blvd
Fort Lauderdale FL 33301

August 20, 2002

RE: 00-16663-EE    USA v. Deitrich P. Hammond
DC DKT NO.: 00-06152 CR-WPD

TO:  Clarence Maddox

CC:  Michael Zelman

CC:  Anne R. Schultz

CC:  Dawn Bowen

CC:  Lisette M. Reid

CC:  Marc Fagelson

CC:  AUSA Edward R. Ryan

CC:  Administrative File



# United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

**Thomas K. Kahn**
Clerk

In Replying Give Number
Of Case And Names of Parties

August 20, 2002

Clarence Maddox
Clerk, U.S. District Court
299 E. Broward Blvd
Fort Lauderdale FL 33301



RE: 00-16663-EE    USA v. Deitrich P. Hammond
DC DKT NO.: 00-06152 CR-WPD

The enclosed certified copy of the judgment and a copy of this court's opinion are hereby issued as the mandate of this court.

Also enclosed are the following:
    Original Exhibits, consisting of: one psi
    Original record on appeal or review, consisting of: six volumes, one volume supplemental

The district court clerk is requested to acknowledge receipt on the copy of this letter enclosed to the clerk.

A copy of this letter and the judgment form, but not a copy of the court's opinion or Rule 36-1 decision, is also being mailed to counsel and pro se parties. A copy of the court's opinion or Rule 36-1 decision was previously mailed to counsel and pro se parties on the date it was issued.

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: James Delaney (404) 335-6113

Encl.

MDT-1 (8-2002)

# United States Court of Appeals
## For the Eleventh Circuit

No. 00-16663

District Court Docket No.
00-06152-CR-WPD

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

Jul 16, 2002

THOMAS K. KAHN
CLERK

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

versus

DEITRICH P. HAMMOND,
a.k.a. Joseph Tomlinson,
a.k.a. Christopher Brown,

    Defendant-Appellant.

---

Appeal from the United States District Court
for the Southern District of Florida

---

JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

Entered: July 16, 2002
For the Court: Thomas K. Kahn, Clerk
By: Eggleston, Nataki

ISSUED AS MANDATE
AUG 2 0 2002
U.S. COURT OF APPEALS
ATLANTA, GA.

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT



No. 00-16663

D.C. Docket No. 00-06152-CR-WPD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DEITRICH P. HAMMOND,
a.k.a. Joseph Tomlinson,
a.k.a. Christopher Brown,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Florida

(July 16, 2002)

Before TJOFLAT and KRAVITCH, Circuit Judges, and DOWD*, District Judge.

---

*Honorable David D. Dowd, Jr., U.S. District Judge for the Northern District of Ohio, sitting by designation.

PER CURIAM:

In this direct criminal appeal, Deitrich Hammond seeks to collaterally attack the underlying deportation proceedings upon which his conviction for unlawful entry after deportation, in violation of 8 U.S.C. § 1326, was predicated. Because Hammond did not exhaust his administrative remedies, as required by statute before he may make this collateral attack, we affirm his conviction.

In 1990, Hammond was found deportable by the INS, pursuant to 8 U.S.C. § 1227(a)(2)(A)(ii), for having been convicting of two crimes involving moral turpitude. A hearing was scheduled before an immigration judge at which Hammond could have requested discretionary relief under § 212(c) of the Immigration and Nationality Act. Hammond failed to attend this hearing, although represented by counsel, and an order of deportation was entered in absentia. No appeal was taken.[1] Hammond was later convicted of aggravated battery of a police officer and, in 1998, was discovered by the INS serving his sentence in a Florida prison. He was deported five weeks later.

In 2000, Hammond illegally re-entered the United States, presenting the INS with a false name and passport. He was charged with illegal re-entry

---

[1] Apparently, Hammond's whereabouts were not known to the INS and he was not deported at that time.

following deportation, in violation of 8 U.S.C. § 1326; making a false statement to an immigration officer, in violation of 18 U.S.C. § 1001; and use of an altered passport, in violation of 18 U.S.C. § 1543. Prior to trial, Hammond moved to dismiss the unlawful entry charge, asserting that he was deprived of his right to counsel before his physical removal in 1998. The district court denied Hammond's motion, finding that Hammond had not met the prerequisites set out in 8 U.S.C. § 1326(d) to collaterally attack the removal proceedings. Following a bench trial, Hammond was found guilty on all counts and sentenced to a 70-month prison term. Hammond now appeals his conviction for illegal re-entry, arguing that he should have been permitted to collaterally attack his removal order.

Title 8 U.S.C. § 1326(d) sets out three showings a defendant charged with illegal re-entry must make before he may collaterally attack the validity of his underlying deportation order. He must demonstrate that "(1) [he] exhausted any administrative remedies that may have been available to seek relief against the order; (2) the deportation proceedings at which the order was issued improperly deprived [him] of the opportunity for judicial review; *and* (3) the entry of the order was fundamentally unfair." 8 U.S.C. § 1326(d) (emphasis added). Because the statute is written in the conjunctive, if a defendant fails to meet any of these requirements, his underlying deportation order is not open to collateral attack.

3

Hammond argues that he did not waive his right to appeal the immigration judge's denial of discretionary § 212(c) relief to the Board of Immigration Appeals. He contends that because he was never informed of his appeal rights, he could not have made a knowing and voluntary waiver of them. Initially, we note that Hammond failed to attend the hearing at which he would have been informed of his appeal rights, and makes no allegation that he did not receive notice. Moreover, his argument about waiver misreads § 1326(d). A plain reading of § 1326(d) makes clear that the provision prohibits collateral attacks anytime an alien failed to exhaust administrative remedies that were earlier available to him, even if he never *affirmatively* waived his appeal rights. We decline to create an exception to the clear exhaustion requirement of the statute for those aliens who fail to attend their § 212(c) hearings and fail to pursue available administrative avenues of relief from their deportation orders.[2]

Here, in the many years between the entry of the removal order and Hammond's actual removal, Hammond points to no action on his part or that of his attorney that manifests any attempt to pursue an appeal. Accordingly, we AFFIRM.

---

[2] Accord United States v. Zelaya, No. 01-13015, 2002 U.S. App. LEXIS 11158 (11th Cir. June 11, 2002).

A True Copy Attested:
Clerk, U.S. Court of Appeals
Eleventh Circuit
By
Deputy Clerk
Atlanta, Georgia