UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

DIETRICH HAMMOND,   CASE NO. 02-61615-CIV-DIMITROULEAS
                   (00-6152-CR-DIMITROULEAS)
    Petitioner,

vs.

UNITED STATES OF AMERICA,

    Respondent.

FILED by ___ B.C.
DEC 12 2002
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

### FINAL JUDGMENT AND ORDER DENYING MOTION TO VACATE

THIS CAUSE having been heard upon Petitioner's (Hammond) timely November 5, 2002 Motion to Vacate [DE-1], and the Court having received a December 9, 2002 Response from the Government, [DE-7] having presided over the trial of this cause, finds as follows:

1. On June 6, 2000, Hammond was indicted and charged with Attempting to Re-enter the United States after Deportation, Making a False Statement, and Use of an Altered Passport [CR-DE-1]. Those offenses occurred on April 13, 2000.

2. On August 10, 2000, defense counsel filed a motion to dismiss on speedy trial grounds. [CR-DE-22]. The Court denied that motion on August 31, 2000. [CR-DE-33].

3. On August 24, 2000, defense counsel filed another motion to dismiss, alleging an improper deportation proceeding [CR-DE-27]. The Court denied that motion on September 5, 2000 [CR-DE-35].

4. On October 6, 2000, Hammond waived jury trial [CR-DE-42]. Hammond was found guilty on all three counts on that date. [CR-DE-41].

5. On December 15, 2000, the Court sentenced Hammond to seventy (70) months in



prison on counts one and three; he was sentenced to sixty (60) months in prison on count two, all to run concurrently. [CR-DE-48].

6. On July 16, 2002, the Eleventh Circuit Court of Appeal affirmed the judgement and sentence. U.S. v. Hammond, 46 Fed. Appx. 617 (11th Cir. 2002). The Court found that Hammond had waived his right to complain about his prior deportation. The mandate issued on August 20, 2002 [CR-DE-64].

7. On November 5, 2002 Hammond filed this timely collateral attack alleging ineffective assistance of counsel in:

    A) Not raising speedy trial on appeal;

    B) Not objecting to insufficiency of evidence and a variance in the proof verses the allegations; and

    C) Not objecting to an improper prior state conviction.

8. On August 31, 2000, this Court, after an evidentiary hearing, found that Hammond, on April 13, 2000, was not detained on criminal charges so that speedy trial had not been triggered. The Court found that Hammond was administratively detained until at least May 24, 2000. Additionally, no prejudice could have been shown because the Court indicated that any dismissal would have been without prejudice. Therefore, Hammond can not now show any prejudice to him by appellate counsel's not raising a speedy trial issue on appeal. Moreover, it is clear that the conviction would have been affirmed on appeal. U.S. v. Drummond, 240 F. 3d 1333, 1334 (11th Cir. 2001); U.S. v. Noel, 231 F. 3d 833, 836 (11th Cir. 2000), cert. denied, 121 S. Ct. 1208 (2001). This is not a case where defense counsel failed to file a requested appeal.[1] Here, defense

---

[1] In that instance, the remedy may have been to vacate the sentence, re-impose sentence and allow a belated appeal. U.S. v. Phillips, 225 F. 3d 1198 (11th Cir. 2000), but see, Roe v.

counsel can not be faulted for failing to file all non-frivolous points on appeal. Monzo v. Edwards, 281 F. 3d 568, 579 (6th Cir. 2002).

9. Secondly, Hammond was properly convicted of attempting to re-enter the United States. Whether the court orally stated that he was found in the United States when he really was charged and convicted of attempting to enter, does not invalidate the conviction, the evidence was sufficient to sustain a conviction. See U.S. v. Maldonado, 302 F. 3d 1061, 1063 (9th Cir. 2002). No ineffective assistance of counsel can be shown.

10. Thirdly, Hammond contends that a prior state conviction[2] was based upon an involuntary plea (state court failed to inform him of the consequences of deportation). Hammond fails to explain how defense counsel in this federal case was supposed to collaterally attack a state conviction. See Daniels v. U.S., 121 S. Ct 1578 (2001); U.S. v. Martinez-Martinez, 295 F. 3d 1041, 1043-45 (9th Cir. 2002). Moreover, under the due process clause of the United States Constitution, a judge need not advise a defendant of the collateral consequences of a guilty plea. U.S. v. Amador-Leal, 276 F. 3d 511, 517 (9th Cir. 2001), cert. denied, 122 S. Ct. 1946 (2002). Florida courts may have that requirement. Benelhocine v. State, 787 So. 2d 38, 39-40 (Fla. 2d DCA 2001), rev. denied, 796 So. 2d 535 (Fla. 2001). However, federal courts do not correct misapplications of state law. Knight v. Jacobson, 300 F. 3d 1272, 1276 (11th Cir. 2002);

---

Flores-Ortega, 120 S. Ct. 1029 (2000).

[2]Hammond fails to identify which conviction he is attacking. The Pre-Sentence Investigation Report indicates five (5) prior convictions: Armed Robbery (87-42123A); Armed Robbery (87-42312A); Battery on a Police Officer (92-35421); Battery on a Police officer (94-29920) and Possession of Cocaine ((96-32055), all of which are aggravated felonies, and any one of which would have added sixteen (16) levels to Hammond's guidelines. See U.S. v. Gonzalez, 202 F. 3d 20 (1st Cir. 2000).

3

Ponnapula v. Spitzer, 297 F. 3d 172, 182 (2d Cir. 2002). No prejudice has been shown.[3]

Wherefore, Hammond's Motion to Vacate is Denied.

The Clerk shall deny any pending motions as Moot.

The Clerk shall close this case.

DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida, this 12 day of December, 2002.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Dietrich Hammond, #55341-004
c/o F.C.I. - Miami
P.O. Box 889800
Miami, Florida 33177-0200

Ed Ryan, AUSA

---

[3]Hammond's guidelines scored out to a Level 21, Criminal History V (11 points) for a range of 70-87 months. Eleven points was the mid-point of a Criminal History V range. Although the Court sentenced at the low end of the guideline range, the Court could have considered the severity of the criminal history and sentenced higher in the range had the criminal History been reduced to Category IV.

4